# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHLEEN D'AGOSTINO, DENISE BOIAN; JEAN M. DEMERS; JUDITH SANTOS; LAURIE SMITH; KELLY WINSHIP, | No.: |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| GOVERNOR DEVAL PATRICK, In His Official Capacity as Governor of the Commonwealth of Massachusetts; THOMAS L. WEBER, in His Official Capacity as the Director of the Department of Early Education and Care; and SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 509, | |
| Defendants. | |

## **INTRODUCTION**

1. Plaintiffs are individuals who operate child care businesses in their homes. They bring this suit to enjoin and declare unconstitutional 2012 Mass. Act 189, "An Act Relative to Early Education and Care by Family Child Care Providers" ("Act"), codified at Chapter 15D, §§ 2(u), 17(a)-(k); Chapter 150E, § 7(c); and Chapter 180, § 17G of the General Laws of Massachusetts. The Act and subsequent collective bargaining agreement between Service Employees International Union ("SEIU") Local 509, and the

Commonwealth of Massachusetts ("Commonwealth"), Department of Early Education and Care ("EEC") compel family child care providers to accept and financially support a mandatory exclusive representative for petitioning EEC over certain matters of public policy. The Act and its implementation violate Plaintiffs' rights under the First Amendment to the United States Constitution, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, to individually choose with whom they associate to petition the Government for redress of grievances.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to adjudicate this case pursuant to 28 U.S.C. § 1331 because it arises under the United States Constitution, and 28 U.S.C. § 1343 because Plaintiffs seek relief under 42 U.S.C. § 1983. This Court has authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other relief based thereon.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the claims arise in the Commonwealth, Plaintiffs reside and do business in the Commonwealth, and Defendants reside, do business, or operate in the Commonwealth.

## PARTIES

4. Plaintiffs are individuals who operate family child care businesses in their own homes. Plaintiffs reside and operate their businesses in the following counties in the Commonwealth: Kathleen D'Agostino (Middlesex County); Denise Boian (Middlesex County); Jean Demers (Hampden County); Judith Santos (Middlesex County); Laurie Smith (Worcester County); and Kelly Winship (Worcester County).

5. Defendant Deval Patrick is the Governor of the Commonwealth of Massachusetts and its chief executive officer, and is sued in his official capacity as Governor and chief executive officer.

6. Defendant Thomas L. Weber, is the Acting Commissioner of the EEC, and is sued in his official capacity as Commissioner of the EEC.

7. Defendant SEIU Local 509 is a labor union with a headquarters located at 100 Talcott Avenue, Watertown, Massachusetts, 02472.

## FACTS

I. **Family Child Care Providers**

8. A "family child care home" is defined by Commonwealth law as "a private residence which, on a regular basis, receives for temporary custody and care during part or all of the day, children under 7 years of age, or children under 16 years of age if those children have special needs, and receives for temporary custody and care for a limited number of hours children of school age under regulations adopted by the board." Mass. Gen. Laws ch. 15D, § 1A. Family child care homes can provide care to up to 6 children, while "large family child care homes" can provide care to up to 10 children. *Id.*

9. Family child care homes are private, home-based businesses, including for federal tax and other purposes, and sometimes employ one or more employees. Plaintiffs are all proprietors of family child care homes.

10. A "relative care provider" is an individual who provides child care services in his or her private residence to children to whom they are related. 606 Mass. Code Regs. 10.11(2)(b). A relative care provider includes grandparents, aunts, uncles, and adult

siblings who provide care to their grandchildren, nieces, nephews, or minor siblings, but excludes parents who provide care to their own children.

11. An "in home care provider" is an individual who provides child care services to an unrelated child in the private residence of that child. *Id*. A nanny is an example of an in home care provider.

12. Massachusetts operates a public-assistance program that subsidizes the cost of child care for qualified low-income families called the Income Eligible Child Care Program ("IECCP"). 606 Mass. Code Regs. 10.04. The amount of the IECCP subsidy is set by ECC, and is paid directly to the child care provider chosen by program participants. Families enrolled in the program are also required to pay co-payments to their child care provider unless their income falls below a certain threshold.

13. Family child care homes that want to accept IECCP payments for their services to program participants can do so either by signing a contract directly with EEC or a voucher services agreement with a local Child Care Resource and Referral Agency. Relative and in home care providers who want to accept IECCP payments for their services to program participants must register with EEC.

14. All Plaintiffs are eligible to accept IECCP payments, and anticipate that they may provide child care services to subsidized families in the future. As of early April 2014, Plaintiffs Denise Boian, Jean M. Demers, Judith Santos, Laurie Smith, and Kelly Winship were each providing child care services to one or more IECCP participants.

15. Family child care homes, relative care providers, and in home care providers who accept IEECP payments are not employed by the Commonwealth or EEC at common law or otherwise. They are private businesses or individuals who provide child care services to families enrolled in a public-assistance program that pays for some or all of the families' costs of obtaining child care services.

## II.     Family Child Care Providers Representation Act

16. On August 1, 2012 Governor Patrick signed the Act into law—*i.e.*, 2012 Mass. Act 189, codified at Chapter 15D, §§ 2(u), 17(a)-(k); Chapter 150E, § 7(c); and Chapter 180, § 17G of the General Laws of Massachusetts.

17. The Act governs "family child care provider[s]," who are defined to include any person "who provides family child care services on behalf of low-income and other at risk children and receives payment from the commonwealth for such services pursuant to a rate structure for voucher and contracted payments." Mass. Gen. Laws ch. 15D, § 17(a). The term "family child care provider" encompasses family child care homes, relative care providers, and in home care providers who accept IEECP payments.

18. The Act deems family child care providers to be "public employees" solely for purposes of Massachusetts's labor relations law, Mass. Gen. Laws ch. 15E *et seq.*, and to be "state employees" solely for purposes of deducting union dues and fees from payments made to them under Mass. Gen. Laws ch. 180, §§ 17A & 17G. *See* Mass. Gen. Laws ch. 15D, § 17(b). The Act further deems EEC to be the putative "employer" of family child care providers solely for these purposes. *Id.*

19. The Act stresses that "[f]amily child care providers shall not be considered public employees or state employees for any purpose other than those set forth in this subsection," Mass. Gen. Laws ch. 15D, § 17(b), and that "family child care providers shall not be eligible for benefits through the group insurance commission, the state board of retirement or the state employee workers' compensation program," *id*.; *see also id*. at ch. 15D, § 17(c) (similar).

20. The Act calls for the Commonwealth to certify an exclusive representative for all family child care providers, *see* Mass. Gen. Laws ch. 15D, §§ 17(e-f); *id*. at ch. 150E, § 4, for purposes of bargaining with EEC over "education and training opportunities for family child care providers, improvement of recruitment and retention of qualified providers and reimbursement and payment procedures," *id*. at ch. 15D, § 17(g), and "the rate structure for voucher and contracted payments for family child care services on behalf of low-income and other at-risk children," *id*. at ch. 15D, § 17(h).

21. The Act also authorizes forcing all family child care providers to pay compulsory fees to their state-designated exclusive representative by making applicable to family child care providers state laws that authorize mandatory union "service fee" requirements for public employees, Mass. Gen. Laws ch. 150E, § 12, and state laws that authorize the automatic deduction of union fees from payments made to state employees, *id*. at ch. 180, §§ 17A & 17G. *See id*. at ch. 15D, § 17(b).

22. The Act thereby authorizes forcing Plaintiffs and other family child care providers both to accept and financially support a mandatory, exclusive representative for petitioning the EEC and the Commonwealth over certain issues of public policy.

6

### III. Family Child Care Providers Collectivized under SEIU Local 509

23. On November 7, 2012, the Commonwealth certified SEIU Local 509 as the exclusive bargaining representative for all family child care providers.

24. On or around December 2013, the Commonwealth and SEIU Local 509 entered into a collective bargaining agreement ("CBA") that is attached as Exhibit 1. SEIU Local 509 ratified the CBA on or around January 2014.

25. The CBA contains a "recognition" clause stating, in part, that "EEC recognizes the Union as the exclusive bargaining representative for Family Child Care (FCC) Providers" and that "[t]he Union recognizes EEC as the employer of FCC, for purposes of this collective bargaining agreement." CBA, at p.2.

26. The CBA contains a "union security" provision requiring all family child care providers pay compulsory fees to SEIU Local 509. *Id*. at art. IX, § 17. The first section of the provision states, in part, that "[t]he payment of dues, financial core contributor service fees (equivalent amount to dues) or agency service fees (reduced objector fair share amount) is required as a condition of employment for all FCC Providers covered by this Agreement on or after the thirtieth day following the beginning of such employment." *id*. at art. IX, § 17(1). The second and third sections of the union security provision mandate the automatic deduction of union fees from all IEECP payments made to family child care providers. *id*. at art. IX, §§ 17(2), 17(3). These compulsory fee requirements are retroactive to July 1, 2013. *Id*. at art. XV.

27. On March 31, 2014, SEIU Local 509 sent an email to many family child care providers, including several Plaintiffs, stating that "[i]n June dues / fees will start and will

be retroactive only to April 2014."

28. For these reasons, Plaintiffs and other family child care providers are under imminent threat of being forced to pay compulsory fees to SEIU Local 509.

29. Plaintiffs strongly oppose being forced to accept and financially support SEIU Local 509 as their exclusive representative for petitioning EEC and the Commonwealth.

## CLAIMS FOR RELIEF

30. Plaintiffs reallege and incorporate by reference the paragraphs set forth above.

31. The First Amendment to the United States Constitution guarantees each citizen an individual right to choose whether, how, and with whom he or she associates to "petition the Government for a redress of grievances" and engage in "speech." A state infringes on these First Amendment rights when it compels citizens to associate with or financially support an organization for these expressive purposes. This infringement is subject to strict scrutiny and is permissible only if it serves a compelling state interest that cannot be achieved through means significantly less restrictive of associational freedoms.

## COUNT I

**(Exclusive representation in violation of 42 U.S.C. § 1983 and the United States Constitution)**

32. Defendants are compelling Plaintiffs and other family child care providers to accept SEIU Local 509 as their exclusive representative for petitioning EEC and the Commonwealth by and through the Act, by certification of SEIU Local 509, by the recognition clause of the CBA, and related actions. By so doing, Defendants are violating Plaintiffs' First Amendment rights, as secured against state infringement by the

Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, to choose whether, how, and with whom they associate to "petition the Government for a redress of grievances" and engage in "speech." No compelling or otherwise sufficient state interest justifies this infringement on First Amendment rights.

33. As a result, Plaintiffs are suffering the irreparable harm and injury inherent in a violation of First Amendment rights for which there is no adequate remedy at law. Unless enjoined by this Court, Plaintiffs will continue to suffer irreparable harm and injury.

## COUNT II

**(Compulsory financial assistance to the Union is a violation of 42 U.S.C. § 1983 and the United States Constitution)**

34. Defendants will violate the First Amendment rights of Plaintiffs and other family child care providers, as secured by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, not to support petitioning and speech, and not to associate with SEIU Local 509 for the purposes of petitioning the government and speech, by compelling Plaintiffs and other family child care providers to financially support SEIU Local 509.

35. Plaintiffs will suffer irreparable harm and injury, for which there is no adequate remedy at law, when forced to financially support SEIU Local 509 in violation of their First Amendment rights. Plaintiffs are under imminent threat of suffering this harm and injury because, among other things, the CBA authorizes the immediate extraction of compulsory union fees from them and SEIU Local 509 has informed family child care providers that the extraction of fees will begin in June 2014. Plaintiffs will

remain under this imminent threat, and will be harmed and injured, unless the Court enjoins the Defendants from forcing the Plaintiffs to financially support SEIU Local 509.

36. The Act and article IX, § 17 of the CBA are unconstitutional, both on their face and as applied to Plaintiffs, to the extent that they authorize or require Plaintiffs and other family child care providers to pay compulsory fees to SEIU Local 509 or any other exclusive representative.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs request that this Court:

A. Issue a declaratory judgment that the Act, the certification of SEIU Local 509 as the exclusive representative of family child care providers, and the recognition clause and article IX, § 17 of the CBA are unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, and are null and void;

B. Issue a declaratory judgment that it is unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, for Defendants to compel or otherwise require that family child care providers accept and financially support SEIU Local 509 or any other organization as their exclusive representative for petitioning EEC or the Commonwealth.

C. Issue preliminary and permanent injunctions that enjoin enforcement of the Act, certification of SEIU Local 509 as the exclusive representative of family child care providers, and the CBA, in whole or in part, and that enjoin the Defendants from

compelling or otherwise requiring Plaintiffs to accept and financially support SEIU Local 509 or any other organization as their exclusive representative for petitioning EEC or the Commonwealth.

    D.    Award Plaintiffs their costs and reasonable attorneys' fees pursuant to the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988; and

    E.    Grant such other and additional relief as the Court may deem just and proper.

Dated this 16th day of April 2014.

    By /s/ Geoffrey R. Bok
Geoffrey R. Bok (BBO # 550851)
Stoneman, Chandler & Miller LLP
99 High Street
Boston, MA 02110
Tel: 617.542.6789
Fax: 617.556.8989
gbok@scmllp.com

and

William L. Messenger (Va. Bar. 47179)
 (Pro Hac Vice Motion to be Filed)
National Right to Work Legal Defense
 Foundation
8001 Braddock Road, Suite 600
Springfield, VA 22160
Tel: 703.321-8510
Fax: 703.321.8319
wlm@nrtw.org

*Attorneys for Plaintiffs*