## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KATHLEEN D'AGOSTINO; DENISE BOIAN; JEAN M. DEMERS; DENISE FARLEY; STEPHANIE KOZLOWSKI-HECK; LESLIE MARCYONIAK; ELIZABETH MONGEON; LAURIE SMITH; and KELLY WINSHIP, | ) ) ) ) ) ) ) ) | No.:  14-CV-11866-LTS |
| Plaintiffs, | ) ) | **FIRST AMENDED COMPLAINT** |
| v. | ) ) | |
| GOVERNOR DEVAL PATRICK, In His Official Capacity as Governor of the Commonwealth of Massachusetts; THOMAS L. WEBER, in His Official Capacity as the Director of the Department of Early Education and Care; and SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 509, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) and the parties' Joint Stipulation (ECF No. 12), Plaintiffs hereby amend their complaint.

### INTRODUCTION

1. Plaintiffs are individuals who operate child care businesses in their homes. They bring this suit to enjoin and declare unconstitutional 2012 Mass. Act 189, "An Act Relative to Early Education and Care by Family Child Care Providers" ("Act"), codified at Chapter 15D, §§ 2(u), 17(a)-(k); Chapter 150E, § 7(c); and Chapter 180, § 17G of the

General Laws of Massachusetts. The Act and subsequent collective bargaining agreement

between Service Employees International Union ("SEIU") Local 509, and the

Commonwealth of Massachusetts ("Commonwealth"), Department of Early Education

and Care ("EEC") compel family child care providers to accept a mandatory exclusive

representative for petitioning EEC over certain matters of public policy. The Act and its

implementation violate Plaintiffs' rights under the First Amendment to the United States

Constitution, as secured against state infringement by the Fourteenth Amendment and 42

U.S.C. § 1983, to individually choose with whom they associate to petition the

Government for redress of grievances.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to adjudicate this case pursuant to 28 U.S.C. § 1331

because it arises under the United States Constitution, and 28 U.S.C. § 1343 because

Plaintiffs seek relief under 42 U.S.C. § 1983. This Court has authority under 28 U.S.C. §§

2201 and 2202 to grant declaratory relief and other relief based thereon.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the claims

arise in the Commonwealth, Plaintiffs reside and do business in the Commonwealth, and

Defendants reside, do business, or operate in the Commonwealth.

## PARTIES

4. Plaintiffs are individuals who operate family child care businesses in their own

homes or assist others in so doing. Plaintiffs reside in the following counties in the

Commonwealth: Kathleen D'Agostino (Middlesex County); Denise Boian (Middlesex

County); Jean Demers (Hampden County); Denise Farley (Worcester County); Stephanie

Kozlowski-Heck (Worcester County); Leslie Marcyoniak (Worchester Couty) Elizabeth

Mongeon (Hampden County); Laurie Smith (Worcester County); and Kelly Winship

(Worcester County).

5. Defendant Deval Patrick is the Governor of the Commonwealth of

Massachusetts and its chief executive officer, and is sued in his official capacity as

Governor and chief executive officer.

6. Defendant Thomas L. Weber, is the Acting Commissioner of the EEC, and is

sued in his official capacity as Commissioner of the EEC.

7. Defendant SEIU Local 509 is a labor union with a headquarters located at 100

Talcott Avenue, Watertown, Massachusetts, 02472.

## FACTS

### I. Family Child Care Providers

8. A "family child care home" is defined by Commonwealth law as "a private

residence which, on a regular basis, receives for temporary custody and care during part

or all of the day, children under 7 years of age, or children under 16 years of age if those

children have special needs, and receives for temporary custody and care for a limited

number of hours children of school age under regulations adopted by the board." Mass.

Gen. Laws ch. 15D, § 1A. Family child care homes can provide care to up to 6 children,

while "large family child care homes" can provide care to up to 10 children. *Id.*

9. Family child care homes are private, home-based businesses, including for

federal tax and other purposes, and sometimes employ one or more employees. Plaintiffs

are all proprietors of family child care homes, except for Plaintiff Stephanie Kozlowski-

Heck, who is an assistant to Plaintiff Elizabeth Mongeon.

10. A "relative care provider" is an individual who provides child care services in his or her private residence to children to whom they are related. 606 Mass. Code Regs. 10.11(2)(b). A relative care provider includes grandparents, aunts, uncles, and adult siblings who provide care to their grandchildren, nieces, nephews, or minor siblings, but excludes parents who provide care to their own children.

11. An "in home care provider" is an individual who provides child care services to an unrelated child in the private residence of that child. *Id*. A nanny is an example of an in home care provider.

12. Massachusetts operates a public-assistance program that subsidizes the cost of child care for qualified low-income families called the Income Eligible Child Care Program ("IECCP"). 606 Mass. Code Regs. 10.04. The amount of the IECCP subsidy is set by ECC, and is paid directly to the child care provider chosen by program participants. Families enrolled in the program are also required to pay co-payments to their child care provider unless their income falls below a certain threshold.

13. Family child care homes that want to accept IECCP payments for their services to program participants can do so either by signing a contract directly with EEC or a voucher services agreement with a local Child Care Resource and Referral Agency. Relative and in home care providers who want to accept IECCP payments for their services to program participants must register with EEC.

14. All Plaintiffs are eligible to accept IECCP payments, and anticipate that they may provide child care services to subsidized families in the future. Plaintiffs Denise

Boian, Jean M. Demers, Denise Farley, Stephanie Kozlowski-Heck, Leslie Marcyoniak,

Elizabeth Mongeon, Laurie Smith, and Kelly Winship were each currently providing

child care services to one or more IECCP participants.

15. Family child care homes, relative care providers, and in home care providers

who accept IEECP payments are not employed by the Commonwealth or EEC at

common law or otherwise. They are private businesses or individuals who provide child

care services to families enrolled in a public-assistance program that pays for some or all

of the families' costs of obtaining child care services.

## II.     Family Child Care Providers Representation Act

16. On August 1, 2012 Governor Patrick signed the Act into law—*i.e.*, 2012 Mass.

Act 189, codified at Chapter 15D, §§ 2(u), 17(a)-(k); Chapter 150E, § 7(c); and Chapter

180, § 17G of the General Laws of Massachusetts.

17. The Act governs "family child care provider[s]," who are defined to include

any person "who provides family child care services on behalf of low-income and other

at risk children and receives payment from the commonwealth for such services pursuant

to a rate structure for voucher and contracted payments." Mass. Gen. Laws ch. 15D, §

17(a). The term "family child care provider" encompasses family child care homes,

relative care providers, and in home care providers who accept IEECP payments.

18. The Act deems family child care providers to be "public employees" solely for

purposes of Massachusetts's labor relations law, Mass. Gen. Laws ch. 15E *et seq*., and to

be "state employees" solely for purposes of deducting union dues and fees from

payments made to them under Mass. Gen. Laws ch. 180, §§ 17A & 17G. *See* Mass. Gen.

Laws ch. 15D, § 17(b). The Act further deems EEC to be the putative "employer" of family child care providers solely for these purposes. *Id.*

19. The Act stresses that "[f]amily child care providers shall not be considered public employees or state employees for any purpose other than those set forth in this subsection," Mass. Gen. Laws ch. 15D, § 17(b), and that "family child care providers shall not be eligible for benefits through the group insurance commission, the state board of retirement or the state employee workers' compensation program," *id.*; *see also id.* at ch. 15D, § 17(c) (similar).

20. The Act calls for the Commonwealth to certify an exclusive representative for all family child care providers, *see* Mass. Gen. Laws ch. 15D, §§ 17(e-f); *id.* at ch. 150E, § 4, for purposes of bargaining with EEC over "education and training opportunities for family child care providers, improvement of recruitment and retention of qualified providers and reimbursement and payment procedures," *id.* at ch. 15D, § 17(g), and "the rate structure for voucher and contracted payments for family child care services on behalf of low-income and other at-risk children," *id.* at ch. 15D, § 17(h).

21. The Act thereby authorizes forcing Plaintiffs and other family child care providers to accept a mandatory, exclusive representative for petitioning the EEC and the Commonwealth over certain issues of public policy.

22. Exclusive representation is a fiduciary relationship. State certification of an exclusive representative will thrust Plaintiffs and all other family child care providers into a mandatory fiduciary relationship with their designated representative, and affiliate them with its petitioning, speech, and policy positions.

**III.     Family Child Care Providers Collectivized under SEIU Local 509**

23. On November 7, 2012, the Commonwealth certified SEIU Local 509 as the

exclusive bargaining representative for all family child care providers.

24. On or around December 2013, the Commonwealth and SEIU Local 509

entered into a collective bargaining agreement ("CBA") that is attached as Exhibit 1.

SEIU Local 509 ratified the CBA on or around January 2014.

25. The CBA contains a "recognition" clause stating, in part, that "EEC recognizes

the Union as the exclusive bargaining representative for Family Child Care (FCC)

Providers" and that "[t]he Union recognizes EEC as the employer of FCC, for purposes

of this collective bargaining agreement." CBA, at p.2.

26.  Plaintiffs strongly oppose being forced to accept SEIU Local 509 as their

exclusive representative for petitioning EEC and the Commonwealth.

27. The CBA contained a "union security" provision requiring all family child

care providers pay compulsory fees to SEIU Local 509. *Id*. at art. IX, § 17. The first

section of the provision stated, in part, that "[t]he payment of dues, financial core

contributor service fees (equivalent amount to dues) or agency service fees (reduced

objector fair share amount) is required as a condition of employment for all FCC

Providers covered by this Agreement on or after the thirtieth day following the beginning

of such employment." *id*. at art. IX, § 17(1). The second and third sections of the union

security provision mandated the automatic deduction of union fees from all IEECP

payments made to family child care providers. *id*. at art. IX, §§ 17(2), 17(3). These

compulsory fee requirements were retroactive to July 1, 2013. *Id*. at art. XV.

28. On April 16, 2014, Plaintiffs filed a two-count Complaint in this case alleging that the exclusive representation and compulsory fees authorized by the Act and CBA violate their rights under the First Amendment to United States Constitution.

29. On June 30, 2014, the United States Supreme Court issued a decision in *Harris v. Quinn*, 134 S. Ct. 2618 (June 30, 2014), holding it unconstitutional under the First Amendment for the State of Illinois to compel home personal care providers to financially support an exclusive representative.

30. In July 2014, Defendants represented to Plaintiffs that compulsory service fees will not be collected from child care providers in light of *Harris* and that Defendants will enter into a Memorandum of Understanding that rescinds the service fee requirements of article IX, § 17 of the CBA. In exchange, Plaintiffs agreed to amend their Complaint to remove the count challenging the now-defunct compulsory fee requirement.

## CLAIM FOR RELIEF

### (Exclusive representation in violation of 42 U.S.C. § 1983 and the United States Constitution)

31. Plaintiffs reallege and incorporate by reference the paragraphs set forth above.

32. The First Amendment to the United States Constitution guarantees each citizen an individual right to choose whether, how, and with whom he or she associates to "petition the Government for a redress of grievances" and engage in "speech." A state infringes on these First Amendment rights when it compels citizens to associate with an organization for these expressive purposes. This infringement is subject to strict scrutiny and is permissible only if it serves a compelling state interest that cannot be achieved

through means significantly less restrictive of associational freedoms.

33. Defendants are compelling Plaintiffs and other family child care providers to associate with SEIU Local 509 as their exclusive representative for petitioning EEC and the Commonwealth by and through the Act, by certification of SEIU Local 509, by the recognition clause of the CBA, and by related actions. By so doing, Defendants are violating Plaintiffs' First Amendment rights, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, to choose whether, how, and with whom they associate to "petition the Government for a redress of grievances" and engage in "speech." No compelling or otherwise sufficient state interest justifies this infringement on First Amendment rights.

34. As a result, Plaintiffs are suffering the irreparable harm and injury inherent in a violation of First Amendment rights for which there is no adequate remedy at law. Unless enjoined by this Court, Plaintiffs will continue to suffer irreparable harm and injury.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs request that this Court:

A.      Issue a declaratory judgment that the Act, the certification of SEIU Local 509 as the exclusive representative of family child care providers, and the recognition clause of the CBA are unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, and are null and void;

B.      Issue preliminary and permanent injunctions that enjoin enforcement of the Act, the certification of SEIU Local 509 as the exclusive representative of family child

care providers, and that enjoins the Defendants from requiring Plaintiffs to accept SEIU

Local 509 or any other organization as their exclusive representative for petitioning EEC

or the Commonwealth.

      C.      Award compensatory and nominal damages;

      D.      Award Plaintiffs their costs and reasonable attorneys' fees pursuant to the

Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988; and

      E.      Grant such other and additional relief as the Court may deem just and

proper.

Respectfully submitted,

Plaintiffs KATHLEEN D'AGOSTINO;
DENISE BOIAN; JEAN M. DEMERS;
DENISE FARLEY; STEPHANIE
KOZLOWSKI- HECK; LESLIE
MARCYONIAK; ELIZABETH MONGEON;
LAURIE SMITH; and KELLY WINSHIP,

By their attorneys

/s/ William L. Messenger
William L. Messenger (Va. Bar. 47179)
 (*Admitted Pro Hac Vice*)
National Right to Work Legal Defense
 Foundation
8001 Braddock Road, Suite 600
Springfield, VA 22160
Tel: 703.321-8510
Fax: 703.321.8319
wlm@nrtw.org

and

> Geoffrey R. Bok (BBO # 550851)
> Stoneman, Chandler & Miller LLP
> 99 High Street
> Boston, MA 02110
> Tel: 617.542.6789
> Fax: 617.556.8989
> gbok@scmllp.com

Dated: July 31, 2014

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 31, 2014.

> /s/ William L. Messenger
> William L. Messenger